UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:08-CR-42 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| EDWARD CHAPMAN, IV | ) | |
| | ) | |

**MEMORANDUM**

Before the Court is a motion to suppress evidence filed by Defendant Edward Chapman, IV ("Chapman") (Court File No. 12). The Order was referred to United States Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) (Court File No. 13). Judge Lee held an evidentiary hearing on the motion and issued a report and recommendation ("R&R") recommending Defendant's motion be denied (Court File No. 24). Defendant filed objections to the R&R (Court File No. 25). For the reasons discussed below, the Court will **OVERRULE** Defendant's objections to the R&R and will **ACCEPT** and **ADOPT** the R&R. Therefore, Defendant's motion to suppress will be **DENIED**.

**I. RELEVANT FACTS**

The R&R fully recites the facts of the case (Court File No. 24, pp. 1-6). The following is a short summary of the facts underlying issues addressed in this Memorandum. Acting on an anonymous tip that a man named Edward was dealing drugs at Defendant's address, on September 12, 2007, Chattanooga Police Officer Michael Bolton ("Bolton") went to Chapman's residence to conduct a "knock and talk." Chapman answered the door and Bolton, who was in uniform, asked whether he was Kenthearl Macon (an individual Bolton had previously arrested for drug trafficking

at that address) in order to break the ice. Bolton asked Chapman to come out on the porch three times before Chapman complied, closing the door behind him and apparently locking it. Bolton learned Chapman knew Kenthearl Macon and told Chapman the Chattanooga Police Department had received complaints about drug activity at the home. After learning Chapman had previously been convicted of a felony involving crack cocaine and obtaining personal information, Bolton asked Chapman for consent to search his home. Chapman refused, but did consent to Bolton searching his person. Bolton discovered $800 in small bills as a result of this search. In addition, Bolton, who is familiar with the distinctive odor of marijuana, detected the smell of burnt marijuana on Chapman, who admitted he had smoked marijuana earlier that day.

At that point, Bolton requested a canine unit and contacted the Chattanooga Police Department to see if Chapman had any outstanding warrants. Upon learning Chapman had two outstanding warrants relating to a probation violation, Bolton detained Chapman and had him move off the porch, into the yard, but decided to wait to arrest Chapman until the warrants had been validated. Since the warrants could not be validated, Bolton did not arrest Chapman, but continued to detain him until the canine unit arrived.

According to Bolton, he believed he had probable cause for a search warrant based on his own detection of the scent of marijuana, but he asked for the canine unit because the dog has a superior ability to detect drug odors. When the canine unit arrived, the drug detection dog, Blade, was walked around a vehicle in Chapman's driveway and around the front porch of Chapman's residence. Blade alerted twice on the lower right side of the door to Chapman's home.

Bolton went to acquire a search warrant, leaving two officers to secure the location. Bolton drafted an affidavit in support of the search warrant and obtained a warrant to search Chapman's

2

house. The search warrant was executed and approximately a pound of marijuana was found hanging from the inside doorknob of the front door where Blade alerted.

## II. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Defendant objects to the magistrate judge's findings and asserts a dog sniff of a residence is a search under the Fourth Amendment, the dog was not lawfully present, probable cause did not exist for the search warrant without the dog sniff, and the good faith exception is inapplicable.[1] The Court addresses each of these arguments in turn.

### A. Dog Sniff

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. Individuals seeking protection under the Fourth Amendment must establish a reasonable expectation of privacy in the invaded place. *Katz v. United States*, 389 U.S. 347, 353 (1967). The Court of Appeals for the Sixth Circuit has repeatedly and consistently held a dog sniff is not a search within the meaning of the Fourth Amendment. *United States v. Gooch*, 499 F.3d 596,

---

[1]Defendant filed an exhibit relating to Bolton's credibility after the deadline for objections passed (Court File No. 26), but did not object to the magistrate judge's finding that Bolton's testimony was not impeached or controverted by the facts. In addition, the objections consist of legal arguments. The facts of the case are not in dispute.

3

602 n.3 (6th Cir. 2007) (citing *United States v. Diaz*, 25 F.3d 392, 396 (6th Cir. 1994)). In addition, contrary to Defendant's reading of *United States v. Place*, the holding that a canine sniff is not a search under the Fourth Amendment is not limited to the facts of that case. 462 U.S. 696, 707 (1983). Chapman had a legitimate expectation of privacy in the contents of his home, however, the dog sniff "discloses only the presence or absence of narcotics, a contraband item," in which no privacy interest exists. *Id.* Where the canine unit is lawfully present, a sniff by a drug-detection dog does not violate the Fourth Amendment. *United States v. Reed*, 141 F.3d 644, 649-50 (6th Cir. 1988).

The relevant inquiry, thus, is whether the canine unit was lawfully present on Chapman's front porch. Chapman contends the front porch is within the curtilage of the home. The curtilage doctrine extends Fourth Amendment protections to the area immediately surrounding a private house. *Dow Chem. Co. v. United States*, 476 U.S. 227, 235 (1986). The curtilage includes "the area around the home to which the activity of home life extends." *Oliver v. United States*, 466 U.S. 170, 182 (1984). As the magistrate judge noted, the Government apparently concedes the front porch is part of the curtilage of Chapman's home.

However, "[t]hat the area is within the curtilage does not itself bar all police observation." *California v. Ciraolo*, 476 U.S. 207, 213 (1996). An individual's reasonable expectation of privacy is not infringed when the police "enter the areas of the curtilage that are impliedly open to the public." *State v. Crea*, 233 N.W.2d 736 (Minn. 1975); *see also United States v. Taylor*, 458 F.3d 1201, 1204 (8th Cir. ) (holding the Fourth Amendment "is not implicated by entry upon private land to knock on a citizen's door for legitimate police purposes unconnected with a search of the premises."). The Fourth Amendment does not restrict police from doing what members of the

4

general public are authorized to do. Thus, the Sixth Circuit recognizes the use of "'knock and talk' consensual encounters as a legitimate investigative technique at the home of a suspect or an individual with information about an investigation." *United States v. Thomas*, 430 F.3d 274, 277 (6th Cir. 2005) (citing *United States v. Chambers*, 395 F.3d 563, 568 n.2 (6th Cir. 2005)). Here there is no indication the encounter between Chapman and law enforcement was not consensual. Chapman was present and did not object to the arrival of the canine unit or the sniff on the front porch. Under the circumstances, the canine unit was lawfully present on Defendant's front porch when the sniff occurred. Thus, the dog sniff did not violate the Fourth Amendment.

### B.     Search Warrant

Alternatively, even if the dog sniff on Chapman's front porch were excluded as a violation of the Fourth Amendment, the evidence would not be suppressed because the search warrant would still be valid. In order to be valid under the Fourth Amendment, a search warrant must be supported by probable cause. *United States v. Williams*, 544 F.3d 683, 686 (6th Cir. 2008) (citing *United States v. Laughton,* 409 F.3d 744, 747 (6th Cir. 2005)). "Probable cause exists 'when there is a "fair probability," given the totality of the circumstances, that contraband or evidence will be found in a particular place.'" *United States v Greene*, 250 F.3d 471, 479 (6th Cir. 2001) (citing *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). Even if the dog sniff were excluded from the warrant application's affidavit, the search warrant would be supported by probable cause. In the supporting affidavit, Bolton based the application on reports the location was a drug house with significant traffic; Bolton smelled burnt marijuana on Chapman; Chapman admitted smoking marijuana earlier in the day; Bolton found $800 on Chapman's person; Chapman had four convictions for simple possession of marijuana and two felony convictions for attempted possession

5

of cocaine for resale; and Chapman admitted knowing Kenthearl Macon, who had a local criminal history that also involved drug convictions. Based on a commonsense evaluation, the affidavit demonstrates a fair probability drugs or contraband would be found at the target location. Therefore, even without evidence of the dog alert, the search warrant would be supported by probable cause.

Furthermore, even if, hypothetically, the search warrant were not supported by probable cause absent the dog sniff, the circumstances demonstrate the officers had an "objectively reasonable belief" the search warrant was valid. *United States v. Leon*, 468 U.S. 897, 918 (1984). The supporting affidavit is not so deficient that a reasonable officer would not be justified in relying on the validity of the search warrant. Thus, even if the dog sniff violated the Fourth Amendment and the supporting affidavit did not support probable cause for the search warrant, the evidence collected would still not be suppressed under the Fourth Amendment because the officers acted in good faith in relying on the search warrant.

## IV. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the R&R. Thus, the Defendant's motion to suppress will be **DENIED**.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**